JjROLAND L. BELSOME, Judge.
The Appointing Authority terminated John Evans from his position as a Technical Services Supervisor by letter dated October 23, 2003. The allegations in support of the termination were that Evans 1) violated 18 U.S.C. § 1029; 2) neglected his duties by knowingly allowing access to the City’s computer network by operating certain software from his home computer; and 3) failed to complete work orders for extended periods of time. The Civil Service Commission Hearing Examiner heard the matter on December 17, 2003, January 6, 2004, January 26, 2004 and May 5, 2004. On October 5, 2004 the Commission granted Mr. Evans appeal. After a thorough review of the record, we affirm the Civil Service Commission’s ruling.
FACTS
The Appointing Authority maintains that the decision to terminate Evans was based largely on the discovery that a substantial amount of the City’s internet *424 bandwidth was being utilized by a software application named eDonkey. It was further determined that eDonkey was being run from Evans’ home IP address. 1 ^Generally, eDonkey is a file sharing software that allows users to download movies, videos and songs from other users’ computers. The Appointing Authority considered the use of the City’s bandwidth to run eDonkey a security risk for the City’s entire computer network.
STANDARD OF REVIEW
The appellate court reviews rulings by the Civil Service Commission under an arbitrary and capricious or abuse of discretion standard.
LAW AND ANALYSIS
Once a permanent classified City Civil Service employee is subjected to disciplinary action for cause expressed in writing, the employee may then appeal to the City Civil Service Commission and the Appointing Authority carries the burden of proof as to the facts. The burden of proof in a Civil Service hearing is “more likely than not” or a “preponderance of the evidence.”
The Appointing Authority argues that the Commission erred in its granting of Evans’ appeal because the unauthorized computer use placed the City at risk for a security breach. In the Commission’s ruling, the Commission determined that the use of eDonkey from the Evans’ home could have created a serious breach of security. However, the Commission found that the evidence revealed it was Evans’ son, Jason, using the software, not Evans. Further, Evans testified that he was unaware that Jason was running eDonkey from his IP address to download media information to his home computer from the Internet via the City network.
hThe Commission acknowledged that a July 23, 2003 Security Incident Report implicated Jason as the individual using eDonkey, but the Appointing Authority chose not to question him or investigate his involvement. Instead the Appointing Authority chose to terminate Evans for his son’s admitted activities.
As for the illegal use of bandwidth, the disciplinary letter stated that Evans used the City’s bandwidth, and that the illegal use was a violation of 18 U.S.C.A. § 1029, titled Fraud and Related Activity in connection with Access Devices. Specifically, the Appointing Authority relies on the following provisions of that statute:
(a) Whoever -
(1) Knowingly and with intent to defraud produces, uses, or traffics in one or more counterfeit access devices;
(2) Knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period,, and by such conduct obtains anything of value aggregating $1,000 or more during that period...
(9) Knowingly uses, produces, traffics in, has control or custody of, or possesses hardware or software, knowing it has been configured to insert or modify telecommunication identifying information associated with or contained in a telecommunications instrument so that such instrument may be used to obtain telecommunications service without authorization...
The Commission found that the Appointing Authority did not present any evidence or assert any legal argument that Evans engaged in any criminal activities as defined by 18 U.S.C.A. § 1029. The Commission stated that:
*425 “[e]ven assuming that Jason Evans’ activities could be imputed to Ms father, we find that Jason Evans used a file-sharing program to download and listen to music. While the music industry may not like these activities, there is no evidence of fraud, or any other criminal ^activities. In fact, the record is devoid of any articulated legal theory for a criminal violation of 18 U.S.C.A. § 1029.”
Upon review of the record in its entirety, this court agrees with the Commission, the Appointing Authority failed to prove the allegations against Evans as set forth in 18 U.S.C.A. § 1029.
Additionally, the Commission considered the security risk created by the use of eDonkey. Although the Commission recognized the potential risk in security by allowing an outside source access to the system, the Commission also acknowledged that the Appointing Authority failed to provide any evidence that Evans allowed the potential risk to exist through some negligence on his part. Even though Evans was responsible for assigning passwords to individuals requiring access to the City’s mainframe computer, he did not have responsibilities concerning the network security. For these reasons the Commission refused to impute Jason’s activities and the potential security risk to Evans and held that the Appointing Authority failed to establish by a preponderance of evidence that it had cause to terminate Evans for allegedly creating a security risk or for allowing a security risk to exist.
In putting on their case, the Appointing Authority had numerous witnesses who undisputedly have a great deal of knowledge regarding the City’s computer sys-tern and the breach of security created by the eDonkey software. However, the Appointing Authority failed to connect the installation and use of, the software to Evans. Absent proof by .a preponderance of evidence, the Appointing Authority fails in establishing a case against Evans for breaching security. Therefore, this court does not find the Commission acted arbitrary and capricious or abused its discretion in .ruling against the Appointing Authority.
|s Accor ding to the disciplinary letter issued to Evans, he was terminated partly because “critical work order requests have remained incomplete for extended periods of time due to inaction on your part.” The Louisiana Constitution requires that disciplinary action against a permanent classified City Civil Service employee must be for cause expressed in writing.[1] Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged.[2] The ■ Commission found the one sentence statement to be an insufficient explanation of grounds upon which discharge was based.- The letter failed, to describe the neglected work orders with any specificity.
Maureen Gilbert, a subcontractor with the City testified that she investigated complaints regarding efficient ■ completion of work assignments and reported that á handful of work order requests remained incomplete for several months. Ms. Gilbert admitted that she was not in a position to evaluate Evans’ work performance. The testimony elicited at trial established that Evans supervised the administrative staff of the MIS Department responsible for telecommunications. MIS work assignments were generated by work order *426 requests submitted to Evans’ immediate supervisor, Earl Kilbride. Mr. Kilbride forwarded the telecommunications work order requests to Evans who in turn forwarded the requests to his assistant for proper distribution. The work was actually performed by outside contractors. Evans did not hire the outside contractors nor did he have the ability to compel the contractors to perform job functions. The evidence provided by the Appointing Authority did not establish Evans to be solely | ^responsible for the timely completion of work orders. Prior to the discovery of the eDonkey use, Evans maintained an impeccable work record that spanned more than thirteen years. We find that the. Commission was well within its discretion to hold that a vague blanket statement like the one provided in the disciplinary letter was inadequate to express a cause of action for termination.
The Commission has a duty to decide independently from the facts presented whether the Appointing Authority had good or lawful cause for taking disciplinary action and, if so, whether, the punishment imposed was commensurate with the dereliction.[3] In this matter the Commission, relying on the evidence presented, found that the Appointing Authority did not meet its burden of proof as to the allegations set forth in the disciplinary letter issued to Evans. The Appointing Authority failed to show good or lawful cause to terminate Evans termination. We. affirm the ruling of the Commission ordering that John Evans be reinstated with back pay and benefits.
AFFIRMED.

. LSA-Const. Art. 10 § 8(A).

. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir. 1990).

. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984).